

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| IN RE: § <br> § <br> MAJESTIC CONSULTING, LC, § <br> § <br> Debtor. § <br> § <br> § <br> TEXAS CES, INC., d/b/a § <br> Mercer Well Service, § <br> Shale Tank Trucks, § <br> Tejas Oilfield Services, and § <br> Basin Tool Company, ET AL., § <br> § <br> Plaintiffs, § <br> § <br> VS. § <br> § <br> AGNUS SWD SERVICES, L.P., § <br> ET AL., § <br> § <br> Defendants. § | Bankruptcy No. 07-41031-rfn7 <br><br> Adversary No. 09-04009-rfn <br><br><br><br><br><br><br><br><br><br> District Court Case <br> No. 4:10-CV-199-A |

MEMORANDUM OPINION
and
ORDER

This action is before the court as an appeal from a February 5, 2010, Final Summary Judgment of the bankruptcy court denying appellants, Pumpco Energy Services, Inc. and Texas CES, Inc., d/b/a Mercer Well Service, Shale Tank Trucks, Tejas Oilfield Services, and Basin Tool Company, any recovery from appellees, Barnett Environmental Management Services, LLC, ("Barnett") Agnus SWD Services, L.P., ("Agnus") Hamilton SWD Services, L.P., ("Hamilton") Gordon SWD Services, L.P., ("Gordon") and D.J. Pulling, P.C. (collectively, "Appellees"). After having considered the briefs, the entire record on appeal,

and applicable authorities, the court has concluded that the judgment of the bankruptcy court should be affirmed.

I.

The Underlying Proceedings

A. Nature of the Claims Brought by Appellants Against Appellees

This action began as an adversary proceeding brought by appellants, as plaintiffs, against appellees and others in the chapter 7 bankruptcy case of Majestic Consulting Services, L.C. ("Majestic"). In the complaint by which the adversary proceeding was initiated, appellants alleged that Majestic had hired them to provide labor and materials for the construction of several saltwater disposal wells and that, because, according to appellants, Majestic was acting as appellees' agent, appellees were liable to them in contract for Majestic's unpaid obligations. Am. Compl. at 4-6, ¶¶ 16-22, R. at 31-33. Appellants urged, in the alternative, that appellees were liable to them in quantum meruit, because appellees had accepted the labor and materials provided by appellants under circumstances that notified appellees that appellants expected to be paid by appellees. Am. Compl. at 8, ¶ 30, R. at 35.

B. The Filing by Appellants and Appellees of Motions for Summary Judgment

On September 18, 2010, appellants and appellees filed cross-motions for summary judgment. Each side asserted that, based on

the facts of record, it was entitled to judgment as a matter of law.

C.   The Bankruptcy Court's Determinations & Rulings

In a telephone hearing conducted on February 1, 2010, Bankruptcy Judge Russell F. Nelms announced his determinations with respect to the motions, concluding, relevant to the instant appeal that:

- The relationships between Majestic and Agnus, Hamilton, and Gordon, respectively, were not agent-principal relationships, with the consequence that Agnus, Hamilton, and Gordon were not liable as principals for Majestic's contractual obligations to appellants.

- Because Agnus, Hamilton, and Gordon were not liable as principals for Majestic's obligations to appellants, Barnett, as general partner of Agnus, Hamilton, and Gordon, was also not liable for Majestic's obligations to appellants.

- The summary judgment evidence did not support findings that appellants specifically intended to benefit appellees or that appellees were reasonably notified that appellants expected

payment from them, and, as a result, appellees were not liable to appellants in quantum meruit.

- Appellees did not ratify Majestic's contracts with appellants.

Tr. of Ruling on Motions for Summ. J. at 9-10, 13.

Based on those determinations, Judge Nelms entered a Final Summary Judgment on February 5, 2010, by which he granted appellees' motion for summary judgment, denied appellants' motion for summary judgment as to their claims against appellees, and ordered that appellants take nothing from appellees. Final Summ. J. at 2, R. at 4-7.

II.

Issues Presented by the Appeal

According to appellants, the issues presented by the appeal are as follows:

1. Whether the Bankruptcy Court erred when it determined that Defendants did not bestow actual and implied authority upon Majestic to enter into contracts with Plaintiff, thereby rendering Defendants liable for their agent's breach of contract to Plaintiffs as a matter of law.

2. Whether Defendants' use, acceptance and enjoyment of the benefits provided by Plaintiffs, i.e., the labor and materials, rendered Defendants liable to Plaintiffs under quantum meruit.

   a. Whether the services, material, and labor provided by Plaintiffs were

undertaken and/or provided for the
                    Defendants' benefit such that the
                    Defendants are liable for
                    compensating Plaintiffs.

          b.        Whether the Defendants had
                    reasonable notice that Plaintiffs
                    were not being paid and expected
                    compensation from the Defendants
                    for such services.

     3.   Under Texas law, whether Defendants' conduct
          or acquiescence of Majestic's actions
          constitutes ratification, thereby rendering
          Defendants responsible for its agents debt to
          Plaintiffs.

Appellants' Br. at 1-2.

III.

Analysis

After thoroughly reviewing the record on appeal, the court has concluded that the bankruptcy court did not err in granting summary judgment to appellees. The summary judgment record is devoid of any evidence from which a rational fact finder could conclude that Majestic was appellees' agent rather than an independent contractor, or that appellees ratified Majestic's contracts with appellants. Thus, appellees are not liable for Majestic's breach of its contracts with appellants. Furthermore, there is also no evidence of an implied contract between appellants and appellees that would render appellees liable to appellants in quantum meruit. The undisputed evidence demonstrates that the services and materials provided by

5

appellants on the wells were provided for Majestic, and that, at the time the services and materials were provided, appellants expected to be paid for those services and materials by Majestic, not appellees.

IV.

Order

Therefore,

The court ORDERS that the judgment from which appeal is taken be, and is hereby, affirmed.

SIGNED August 2, 2010.

JOHN McBRYDE
United States District Judge